IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrus Rashawn Woodruff,            )<br>                                                        )<br>                         Petitioner,    )<br>                                                        )      Civil Action No. 4:21-1540-BHH<br>v.                                                     )<br>                                                        )                        **ORDER**<br>Warden, McCormick Correctional  )<br>Institution,                                         )<br>                                                        )<br>                         Respondent.  )<br>_____) | |

      This matter is before the Court on Petitioner Tyrus Rashawn Woodruff's ("Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

      On May 11, 2022, Magistrate Judge Thomas E. Rogers III filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Respondent's motion for summary judgment. Attached to the Report was a notice advising Petitioner of his right to file written objections to the Report within fourteen days of being served with a copy.

      On June 2, 2022, Petitioner filed a motion for an extension of time to file objections, which the Honorable J. Michelle Childs granted. (ECF Nos. 43 and 44.) Petitioner subsequently moved for two additional extensions of time on July 1, 2022, and August 1, 2022, respectively, and the Court granted both motions, resulting in Petitioner's objections being due by September 4, 2022. (ECF Nos. 46, 47, 53, and 55.) Additionally, on July 7, 2022, Petitioner moved to stay the case, and Respondent filed a response in opposition.

(ECF Nos. 49 and 52.)  Importantly, to date, Petitioner has not filed any objections to the Magistrate Judge's Report.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and fully agrees with the Magistrate Judge's findings and recommendations.  As the Magistrate Judge properly explained, Petitioner has failed to demonstrate that the post-conviction relief ("PCR") court's rejection of the ineffective assistance of counsel claims he now presents in grounds one, two, and three of his § 2254 petition was contrary to, or involved an unreasonable application of clearly established federal law, or that the PCR court's rejection of these claims resulted in an decision based on an unreasonable determination fo the facts in light of the evidence

presented to the PCR court. Accordingly, the Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment on grounds one, two, and three. (*See* ECF No. 41 at 12-20.) With respect to ground four, which was added as an addendum, the Magistrate Judge explained that Petitioner failed to raise the issue before the PCR court or on appeal of the PCR court's decision. Additionally, the Magistrate Judge noted that Petitioner failed to address the issue in response to Respondent's motion for summary judgment. Ultimately, the Magistrate Judge found that this ground is procedurally barred from federal habeas review, and the Court agrees with the Magistrate Judge.

Finally, with respect to Petitioner's motion to stay this case, in which he asserts that he has meritorious issues that have not been properly adjudicated in state court, the Court agrees with Respondent that Petitioner's procedurally defaulted ground four would not be accepted in a successive PCR application in light of South Carolina's bar on second or successive PCR applications. *See* S.C. Code § 17-27-90. Moreover, although the Court does have discretion to stay a mixed habeas petition to permit a petitioner to properly exhaust his claims under certain circumstances, the Court agrees with Respondent that Petitioner has utterly failed to demonstrate good cause for his failure to exhaust his claims. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Thus, the Court, in its discretion, denies Petitioner's motion to stay.

## **CONCLUSION**

After review, the Court finds no clear error in the Magistrate Judge's analysis and finds that Respondent is entitled to summary judgment. Accordingly, the Court hereby adopts in full the Magistrate Judge's Report (ECF No. 41) and specifically incorporates it in this order; the Court grants Respondent's motion for summary judgment (ECF No. 26);

and the Court denies Petitioner's motion to stay (ECF No. 49).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 7, 2022
Charleston, South Carolina

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.